Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7221 | **DATE** | 9/20/2001 |
| **CASE TITLE** | Vardon Golf Co v. Karsten Manufacturing Corp | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant Karsten's request to recover costs and deny the motion (Doc 46-1) for attorney's fees. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| | Notices mailed by judge's staff. | | SEP 21 2001 |
| | Notified counsel by telephone. | | date docketed |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 52 |
| SCT | courtroom deputy's initials | FILED FOR DOCKETING 01 SEP 20 PM 4:41 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VARDON GOLF COMPANY INC., )
)
       Plaintiff, )
)
vs. ) 00 C 7221
)
KARSTEN MANUFACTURING )
CORPORATION, )
) **DOCKETED**
       Defendant. )
SEP 2 1 2001

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court are Karsten Manufacturing Company's motions to recover costs and attorney's fees. For the following reasons, we grant the motion to recover costs and deny the motion for attorney's fees.

### BACKGROUND

The instant matter is but one in a series of litigations between Plaintiff Vardon Golf Company ("Vardon") and Defendant Karsten Manufacturing Corporation ("Karsten"). In September 2000, our sister court granted Karsten summary judgment of noninfringement of U.S. Patent No. 5,301,941 ("the '941 patent") because the face wall of Karsten's accused golf clubs did not have a "substantially uniform thickness," a limitation required by all of the claims asserted in that case. Soon thereafter, Vardon

52

obtained a reissued patent ("the '950 patent"), but by doing so Vardon extinguished the opportunity to appeal our sister court's opinion.

Vardon turned to this forum for relief, filing in November 2000 a complaint alleging that Karsten infringed claim 22 of the '950 patent. Claim 22, according to the complaint, did not contain the "substantially uniform thickness" language our sister court had already construed. Several months later, after the parties had completed discovery on Karsten's intervening rights defense, Vardon moved to amend its pleadings to include assertions of claims 12-21 of the '950 patent. All of those claims contained the "substantially uniform thickness" language. Karsten opposed the amendment on the ground of issue preclusion, and this Court agreed. When we delivered that ruling in open Court, Vardon's counsel apprised the Court that claim 22 should have contained the "substantially uniform thickness" language but did not due to a printing error by the Patent Office. Because claim 22 should have included the language, it fell within the ambit of our ruling and Vardon was estopped from relitigating it in our forum. Vardon later sought an order deeming this ruling final, which we provided.

Karsten now seeks to recover taxable costs from Vardon. It also desires an award of attorney fees. For the following reasons we grant the first request but deny the second.

## DISCUSSION

*1. Taxable Costs*

Rule 54 of the Federal Rules of Civil Procedure provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Those recoverable costs include: (1) fees of the clerk, (2) fees for transcripts, (3) fees fo printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. See 28 U.S.C. § 1920. As the Seventh Circuit has observed, Rule 54 creates a presumption in favor of the award of costs. See M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991). The presumption is "difficult to overcome," and our discretion is "narrowly confined -- the court must award costs unless it states good reasons for denying them." Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 945 (7th Cir. 1997).

In the case at bar, Karsten seeks to recover costs from Vardon for deposition transcripts, copies of patents and patent prosecution file histories, and general photocopying. With respect to deposition transcripts, Karsten asks for $4,131.35 for (1) the deposition of Vardon owner and inventor Dillis Allen, (2) Allen's video deposition, and (3) copies of transcripts of Karsten's Rule 30(b)(6) depositions of L. Beacom and M. Trueblood. Vardon contends that section 1920 does not permit recovery of costs associated with video depositions. This position is without merit, as

the Seventh Circuit has held that video depositions are allowable costs so long as they are necessary to the litigation. See Held v. Held, 137 F.3d 998, 1002 (7th Cir. 1998). Given Allen's position -- the owner of the plaintiff company and the inventor of the patent-in-suit -- his deposition was necessary to the litigation. Vardon protests that Allen's deposition was irrelevant to the collateral estoppel issue that decided this case. While this may be true, it misses the point. In determining whether to award costs to Karsten as the prevailing party, our concern is not what issue ultimately decided the case. Rather, the statute compels us to decide whether certain costs were necessary to the litigation and are therefore recoverable. In this case, the examination of the owner of the patent-in-suit was necessary to Karsten's intervening rights defense, which Karsten reasonably raised and which Vardon did not challenge when Karsten asked for discovery on it. The cost of the deposition is therefore recoverable, as are the other deposition-related costs that Karsten desires.

Likewise, costs associated with copies of the patent file and general photocopies are taxable. Despite Vardon's objections, these documents were necessary for use in the case Vardon initiated against Karsten. Vardon claims that some of the requests are duplicative. The two receipts to which Vardon points are not plainly duplicative, however, especially in light of Vardon's concession that the Patent Office's files were incomplete. In light of these difficulties, the copying costs appear neither duplicative nor excessive.

*2. Attorney's Fees*

Karsten also seeks to recover attorney's fees pursuant to Rule 54(d)(2)(E) as a sanction for what Karsten terms Vardon's "bad faith conduct." The record before the Court does not bear out a claim of bad faith. Vardon first revealed its awareness of the defect in claim 22 in its reply brief of April 26, 2001 to the motion to amend the complaint. During a status hearing of May 9, 2001, Vardon's counsel repeated the discovery in open court. Although Karsten flings accusations in its briefs about Vardon filing suit on a patent claim it knew was defective, Karsten offers no substantiation of this accusation. Nowhere does Karsten point to evidence probative of Vardon's awareness of the defect at some point prior to the April 26 revelation. Absent any such substantiation, an accusation of bad faith simply cannot stand, and the motion for attorney's fees must be denied.

## CONCLUSION

For the foregoing reasons, we grant Karsten's motion to recover costs and deny the motion for attorney's fees.

*[signature]*

Charles P. Kocoras
United States District Judge

Dated: September 20, 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VARDON GOLF COMPANY INC.,  )
                       Plaintiff,  )
vs.  )    00 C 7221
KARSTEN MANUFACTURING  )
CORPORATION,  )
                       Defendant.  )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court are Karsten Manufacturing Company's motions to recover costs and attorney's fees. For the following reasons, we grant the motion to recover costs and deny the motion for attorney's fees.

## BACKGROUND

The instant matter is but one in a series of litigations between Plaintiff Vardon Golf Company ("Vardon") and Defendant Karsten Manufacturing Corporation ("Karsten"). In September 2000, our sister court granted Karsten summary judgment of noninfringement of U.S. Patent No. 5,301,941 ("the '941 patent") because the face wall of Karsten's accused golf clubs did not have a "substantially uniform thickness," a limitation required by all of the claims asserted in that case. Soon thereafter, Vardon

obtained a reissued patent ("the '950 patent"), but by doing so Vardon extinguished the opportunity to appeal our sister court's opinion.

Vardon turned to this forum for relief, filing in November 2000 a complaint alleging that Karsten infringed claim 22 of the '950 patent. Claim 22, according to the complaint, did not contain the "substantially uniform thickness" language our sister court had already construed. Several months later, after the parties had completed discovery on Karsten's intervening rights defense, Vardon moved to amend its pleadings to include assertions of claims 12-21 of the '950 patent. All of those claims contained the "substantially uniform thickness" language. Karsten opposed the amendment on the ground of issue preclusion, and this Court agreed. When we delivered that ruling in open Court, Vardon's counsel apprised the Court that claim 22 should have contained the "substantially uniform thickness" language but did not due to a printing error by the Patent Office. Because claim 22 should have included the language, it fell within the ambit of our ruling and Vardon was estopped from relitigating it in our forum. Vardon later sought an order deeming this ruling final, which we provided.

Karsten now seeks to recover taxable costs from Vardon. It also desires an award of attorney fees. For the following reasons we grant the first request but deny the second.

DISCUSSION

*1. Taxable Costs*

Rule 54 of the Federal Rules of Civil Procedure provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Those recoverable costs include: (1) fees of the clerk, (2) fees for transcripts, (3) fees fo printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. See 28 U.S.C. § 1920. As the Seventh Circuit has observed, Rule 54 creates a presumption in favor of the award of costs. See M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991). The presumption is "difficult to overcome," and our discretion is "narrowly confined -- the court must award costs unless it states good reasons for denying them." Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 945 (7th Cir. 1997).

In the case at bar, Karsten seeks to recover costs from Vardon for deposition transcripts, copies of patents and patent prosecution file histories, and general photocopying. With respect to deposition transcripts, Karsten asks for $4,131.35 for (1) the deposition of Vardon owner and inventor Dillis Allen, (2) Allen's video deposition, and (3) copies of transcripts of Karsten's Rule 30(b)(6) depositions of L. Beacom and M. Trueblood. Vardon contends that section 1920 does not permit recovery of costs associated with video depositions. This position is without merit, as

the Seventh Circuit has held that video depositions are allowable costs so long as they are necessary to the litigation. See Held v. Held, 137 F.3d 998, 1002 (7th Cir. 1998). Given Allen's position -- the owner of the plaintiff company and the inventor of the patent-in-suit -- his deposition was necessary to the litigation. Vardon protests that Allen's deposition was irrelevant to the collateral estoppel issue that decided this case. While this may be true, it misses the point. In determining whether to award costs to Karsten as the prevailing party, our concern is not what issue ultimately decided the case. Rather, the statute compels us to decide whether certain costs were necessary to the litigation and are therefore recoverable. In this case, the examination of the owner of the patent-in-suit was necessary to Karsten's intervening rights defense, which Karsten reasonably raised and which Vardon did not challenge when Karsten asked for discovery on it. The cost of the deposition is therefore recoverable, as are the other deposition-related costs that Karsten desires.

Likewise, costs associated with copies of the patent file and general photocopies are taxable. Despite Vardon's objections, these documents were necessary for use in the case Vardon initiated against Karsten. Vardon claims that some of the requests are duplicative. The two receipts to which Vardon points are not plainly duplicative, however, especially in light of Vardon's concession that the Patent Office's files were incomplete. In light of these difficulties, the copying costs appear neither duplicative nor excessive.

*2. Attorney's Fees*

Karsten also seeks to recover attorney's fees pursuant to Rule 54(d)(2)(E) as a sanction for what Karsten terms Vardon's "bad faith conduct." The record before the Court does not bear out a claim of bad faith. Vardon first revealed its awareness of the defect in claim 22 in its reply brief of April 26, 2001 to the motion to amend the complaint. During a status hearing of May 9, 2001, Vardon's counsel repeated the discovery in open court. Although Karsten flings accusations in its briefs about Vardon filing suit on a patent claim it knew was defective, Karsten offers no substantiation of this accusation. Nowhere does Karsten point to evidence probative of Vardon's awareness of the defect at some point prior to the April 26 revelation. Absent any such substantiation, an accusation of bad faith simply cannot stand, and the motion for attorney's fees must be denied.

## CONCLUSION

For the foregoing reasons, we grant Karsten's motion to recover costs and deny the motion for attorney's fees.

Charles P. Kocoras
United States District Judge

Dated: September 20, 2001